Harold J. Hughes, J.
In this proceeding, plaintiff seeks judgment punishing defendants for contempt for failing to comply with a preliminary injunction order of this court, entered in Albany County on December 17, 1971.
Plaintiff Commissioner of Health has commenced an action for an injunction permanently restraining defendants from operating, maintaining or using, a temporary residence known as “ Maurer’s Trailer Park ” upon premises owned by defendant Pioneer Village Development Corporation in the Town of Clifton Park, Saratoga County, until a permit was issued pursuant to section 7.4 of the State Sanitary Code (10 NYCRR 7.4). Alleging that defendant J. Gilbert Maurer was operating a trailer park upon ,such premises in violation of various provisions of the New York State Sanitary Code and Public Health Law, plaintiff moved for a preliminary injunction. The motion came on before Mr. Justice George L. Cobb on December 7, 1971 at which time the parties stipulated in open court for the entry of an order requiring defendants to close the trailer park within 60 days after service of a copy thereof and, during such 60-day period, to (1) install chlorination equipment and to maintain a free chlorine residual of 0.5 milligrams per liter in the treated distributed water in the trailer park, and (2) pump out all septic tanks serving any trailer on the premises whenever the liquid level was within four inches of the overflow pipe.
An order in accordance with this stipulation was entered in Albany County on December 17,1971 and copies were served on defendants and their attorney.
Plaintiff subsequently initiated proceedings to punish defendants for contempt, culminating in a judgment finding that defendants, between January 4 and March 23,1972, willfully disobeyed the order entered December 17,1971 and imposing a fine of $250 (Ingraham v. Maurer, 41 A D 2d 906).
The instant proceeding, for an order adjudicating defendants guilty of contempt for failing to comply with the order of December 17,1971 subsequent to March 23,1972, was commenced on September 11, 1972. The proceeding came on before a hearing at a Trial Term on June 5, 1973, at which time defendants moved to dismiss, the petition on the ground of double jeopardy (citing People v. Columbo, 31 N Y 2d 947). This motion was denied, and renewed upon the close of the trial. The court adheres to its decision. While the gravamen of the petition is *895 defendants’ continuing refusal to comply with the order entered December 17, 1971, the same evidence would not prove a contempt for which defendants were previously punished, so that they are not being prosecuted twice for the same act.
Two employees of the Department of Health testified that the trailer park was inspected six times between April 21, 1972 and June 4,1973. Upon each inspection visit, occupied trailers were observed on the site, the single chlorinator was not functioning, and fresh septic effluent was observed on the surface of the ground in the area of the trailers. Defendant J. Gilbert Maurer testified that he had advised his tenants of the contents of the December 17,1971 order and had not admitted any new tenants. However, no legal proceedings were commenced to remove the tenants, and he admitted that he continued to accept rent when proffered. He testified that he had installed a chlorinator, which failed to function properly, and that he inspected the septic tanks daily. However, he admitted that at no time was any septic tank pumped out.
It is apparent the defendants exercised no diligence and ma.de no serious effort to comply with the December 17, 1971 order subsequent to March 23, 1972 (see People ex rel. McGoldrick v. Douglas, 286 App. Div. 807; Village of Great Neck Estates v. Rose, 279 App. Div. 671, mot. for lv. to app. den. 279 App. Div. 792, app. dsmd. 303 N. T. 904). The court finds that defendants J. Gilbert Maurer and Pioneer Village Development Corporation, did, between April 21,1972 and June 4, 1973, willfully disobey the lawful mandate of this court made and entered December 17, 1971, which was duly served upon them, in that while the premises known as “ Maurer’s Trailer Park ” in the Town of Clifton Park, Saratoga County, were occupied for trailer park purposes, the defendants, and each of them, in violation of the express mandate of such order:
(a) failed and refused to close the trailer park and continued to operate and allow the occupancy of the subject premises for trailer park purposes following the expiration of 60 days after the entry and service of such order;
(b) failed and refused to install positive displacement chlorination equipment on both water supplies at said premises and to maintain a free chlorine residue of 0.5 milligrams per liter in the distributed water in the trailer park; and
(c) failed and refused to pump out all septic tanks on said premises that serve any trailer when the liquid level was within four inches of the overflow or effluent pipe.
*896 The court further finds that the conduct of the defendants, and each of them, wás calculated to, and did impair, defeat and prejudice the rights and remedies of the plaintiff in the action for a permanent injunction, and that defendants, and each of them, are guilty of civil contempt.
There being no proof of pecuniary loss to the plaintiff herein resulting from such contempt, the defendants are directed to pay a fine of $250 plus the costs of this proceeding to the plaintiff Commissioner of Health, and that in addition thereto defendant J. Gilbert Maurer shall be imprisoned until he shall close said trailer park and terminate its operation and occupation until the requirements of Part 7 of the State Sanitary Code and the provisions of the Public Health Law pertaining to temporary residence are complied with and a permit obtained as required by the State Sanitary Code and until the fine shall have been paid.
The execution of the order to be entered hereon shall be suspended for a period of 30 days. The order to be entered hereon shall contain a provision that if said defendants, or either of them, do not pay the fine herein imposed or close the said trailer park and terminate its operation and occupation within 30 days after service of a certified copy of the order with notice of entry, the plaintiff may apply ex parte to a Justice of this court upon proof of service of the order and an affidavit of the nonpayment of said fine or the failure to close said trailer park and terminate its operation and occupation, for a warrant of commitment directed to the sheriff of any county in the State wherein the defendant J. Gilbert Maurer may be apprehended, commanding him forthwith to arrest said defendant without further process and committing him to the county jail in said county until such fine shall be paid and until said trailer park shall be closed and its operation and occupation terminated. The order shall further provide that if defendants perform the act required by closing said trailer park and terminating its operation and occupation, but default in the payment of the fine, defendant J. Gilbert Maurer shall not be committed for default in the payment of the fine imposed for a period of more than 30 days.